# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY BROOKS, | Case No.: 3:19-cv-00332-MMD-WGC |
| Plaintiff, | **Order** |
| v. | Re: ECF Nos. 1, 1-1 |
| DONALD J. TRUMP, | |
| Defendant. | |

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), and is housed at Ely State Prison (ESP). He filed a civil rights complaint under 42 U.S.C. § 1983 against President Donald J. Trump that alleges a violation of the Freedom of Information Act (FOIA) by the Department of Justice (DOJ). (ECF No. 1-1.)

## I. FAILURE TO FILE AN IN FORMA PAUPERIS APPLICATION OF PAY THE FILING FEE

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* (IFP). The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, and liabilities." LSR 1-1. When a prisoner seeks to proceed without prepaying the filing fee, in addition to filing the affidavit, the prisoner is required to submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. The statement must be obtained from the appropriate official at the prison or detention facility where the prisoner is or was confined. 28 U.S.C. § 1915(a)(2).

When a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. The court is required to assess, and when funds exist, collect an initial partial payment of 20 percent of the greater of: (A) the average monthly deposits in the prisoner's account or (B) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. Thereafter, whenever the prisoner's account exceeds $10, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoners account until the filing fees are paid. The funds are to be forwarded by the agency having custody of the prisoner. 28 U.S.C. § 1915(b)(1), (2).

The regular filing fee is $400, consisting of the $350 filing fee and a $50 administrative fee. If an inmate does not qualify for IFP status, he must pay the full $400 filing fee. If the inmate qualifies for IFP status, the $50 administrative fee is waived, and the inmate will only pay the $350 filing fee over time. Plaintiff will be given 30 days to submit a completed prisoner IFP application or pay the $400 filing fee.

## II. SCREENING PROCESS

Once Plaintiff has filed his completed IFP application or paid the filing fee, the court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A. Both require dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If the complaint is dismissed on screening, there will be no refund of the filing fee, and an inmate proceeding IFP is still required to pay the $350 filing fee over time.

The court has undertaken a preliminary review of Plaintiff's complaint. He alleges that he submitted a Freedom of Information Act (FOIA) request to the Department of Justice (DOJ) on January 30, 2019, and on April 19, 2019, the DOJ requested a 10-day extension to provide the

information. He avers that 10 days turned into 60, with no further contact from the DOJ. Plaintiff contends President Trump is directly responsible for the DOJ, and therefore, for this claimed civil rights violation .

FOIA, 5 U.S.C. § 552, provides that upon receiving a request for records, an agency must determine within 20 days whether to comply with the request "and shall immediately notify the person making such request of-- (I) such determination and the reasons therefor; (II) the right of such person to seek assistance from the FOIA Public Liaison of the agency; and (III) in the case of an adverse determination" of the right to appeal to the head of the agency and seek dispute resolution services. 5 U.S.C. § 552(6)(A)(i).

"In unusual circumstances … the time limits prescribed … may be extended by written notice to the person making such request setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(6)(B)(i). That notice may not provide an extension of "more than ten working days" unless the agency notifies the person "if the request cannot be processed within the time limit specified … and" provides "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." 5 U.S.C. § 552(6)(B)(ii).

"Unusual circumstances" include: "(I) the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request;" "(II) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request;" or "(III) the need for consultation, which shall be conducted with all practicable speed, with another agency having a

substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein."

5 U.S.C. § 552(6)(B)(iii).

If the agency fails to comply, "a FOIA requester can proceed directly to district court where the agency must show 'exceptional circumstances' justifying its untimeliness and due diligence in remedying the violation." *Hajro v. U.S. Citizenship and Immigration Services,* 811 F.3d 1086, 1092 (9th Cir. 2016) (citing 5 U.S.C. § 552(6)(C)).

Plaintiff states a plausible claim for relief under FOIA; however, he has not named the correct defendant. Plaintiff names President Donald J. Trump as the defendant, but the proper defendant in a FOIA action is the relevant agency and not an individual, including the President. *See Drake v. Obama*, 664 F.3d 774, 785-86 (9th Cir. 2011) (citing *Franklin v. Massachusetts*, 505 U.S. 788, 800-01 (1992); *Batton v. Evers*, 598 F.3d 169, 173 n. 1 (5th Cir. 2010) ("A FOIA plaintiff may not assert a claim against an individual federal official; the proper defendant is the agency."); *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (per curiam) (properly dismissed named individual defendants under FOIA); *Motions Sys. Corp. v. Bush*, 437 F.3d 1356, 1359 (Fed. Cir. 2006) (per curiam) (President is not an "agency" within meaning of Administrative Procedure Act)). Therefore, Plaintiff must file an amended complaint naming the proper defendant, which in this case appears to be the DOJ.

### III. CONCLUSION

(1) The Clerk shall **SEND** Plaintiff a copy of the instructions and application to proceed IFP for an inmate. Plaintiff has **30 days** from the date of this Order to either file his completed IFP application or pay the full $400 filing fee.

(2) Plaintiff also has **30 days** from the date of this Order to file an amended FOIA complaint naming the proper defendant agency. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "AMENDED COMPLAINT."

(3) If Plaintiff fails to file a completed prisoner IFP application or pay the filing fee within 30 days the action will be dismissed. In addition, if Plaintiff fails to file an amended complaint, his action will also be dismissed. Once the IFP application is filed or the filing fee paid, and an amended complaint is filed, the court will address the issuance of a summons for service on the correct defendant through the U.S. Marshals Service.

**IT IS SO ORDERED**.

Dated: July 19, 2019.

_____
William G. Cobb
United States Magistrate Judge