# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY J. BROOKS, | Case No.: 3:19-cv-00332-MMD-WGC |
| Plaintiff | **Order** |
| v. | |
| UNITED STATES DEPARTMENT OF JUSTICE, | |
| Defendant | |

## **I. BACKGROUND**

Plaintiff is an inmate in custody of the Nevada Department of Corrections (NDOC). He filed a civil rights complaint against Donald J. Trump alleging a violation of the Freedom of Information Act (FOIA). (ECF No. 1-1.) He did not pay the filing fee or submit a completed application to proceed in forma pauperis (IFP) for a prisoner and required financial certificate. Therefore, the court issued an order directing the Clerk to send him the instructions and application to proceed IFP for an inmate and gave him 30 days to file a completed application or pay the filing fee. The court also noted that once the filing fee was paid or the IFP application granted, the court would screen the complaint under 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The court undertook a preliminary review of the complaint and found Plaintiff stated a plausible FOIA claim, but named the wrong defendant. Therefore, Plaintiff was also given 30 days to file an amended complaint naming the correct defendant. (ECF No. 4.)

Plaintiff filed his amended complaint against the Department of Justice (DOJ) on August 5, 2019 (ECF No. 6); but, he did not file the completed IFP application and financial certificate, or pay the filing fee. On August 6, 2019, the court gave Plaintiff 21 days to file the completed IFP

application or pay the filing fee. (ECF No. 7.) On August 7, 2019, Plaintiff filed a motion requesting an extension of time to file the IFP application. (ECF No. 8.) The court gave Plaintiff until September 17, 2019, to file the IFP application or pay the filing fee. (ECF No. 9.) On September 11, 2019, Plaintiff filed a notice of compliance that he filed his financial certificate, but did not file the actual IFP application that should have accompanied the financial certificate. (ECF No. 10.) He was given one final change to file the IFP application. (ECF No. 12.)

On October 4, 2019, he filed his application for leave to proceed IFP. (ECF No. 14.) The same day, he filed a notice stating that he sent the financial certificate, but states that it was brought to his attention that the statement contained false information because it stated that in March of 2019 he had $8,641.34 as a balance, and in April of 2019 he had $9,783.67, and a May balance of $1,981.63. He claims he never had more than $470.63 in his account, and that was on March 12, 2019. (ECF No. 15.) On November 21, 2019, he appears to have another amended complaint which he titles the "formal complaint." (ECF No. 17.)

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

It is not clear what Plaintiff's filing at ECF No. 15 is referring to because the financial certificate filed by Plaintiff does not contain the figures that Plaintiff references. Instead, Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $126.23, and his average monthly deposits were $112.33. (*See* ECF No. 10.)

Plaintiff's application to proceed IFP is granted. Plaintiff is required to pay an initial partial filing fee in the amount of $25.25 (20 percent of $126.23). Thereafter, whenever his prison account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under

Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Action**

Plaintiff may proceed with his FOIA action against the DOJ for the reasons stated in ECF No. 4; however, Plaintiff must notify the court within 14 days of the date of this Order which amended complaint he wishes to proceed on: ECF No. 6 or ECF No. 17. Both generally assert DOJ violated FOIA because he submitted a FOIA request and did not receive a timely response and no

5

exception applies. After Plaintiff advises the court on which amended complaint he has elected to proceed, the court will address service of the amended complaint.

### III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 14) is **GRANTED**; however, within **30 DAYS** Plaintiff must pay, through NDOC, an initial partial filing fee in the amount of $25.25. Thereafter, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk must **SEND** a copy of this Order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections**, P.O. Box 7011, Carson City, Nevada 89702.

(2) The action will **PROCEED** on the FOIA claim against the DOJ.

(3) Within **14 days** of the date of this Order, Plaintiff shall file a notice with the court indicating which amended complaint he wishes to proceed on: ECF No. 6 or ECF No. 17. To that end, the Clerk shall **SEND** Plaintiff a copy of ECF Nos. 6 and 17. When Plaintiff complies with this component of the order, the court will order issuance of a summons and will address service on the DOJ.

**IT IS SO ORDERED**.

Dated: December 12, 2019.

_William G. Cobb_
William G. Cobb
United States Magistrate Judge